## Richmond.

### CHRISTIAN v. TAYLOR, CLERK.

DECEMBER 1, 1898.

Absent, Riely and Cardwell, JJ.

1. DELINQUENT TAXES—*Amendments of Sections 664 and 666 of Code not Conflicting—How Amendments of Code to be Read.*—Where sections of the Code are amended and re-enacted the sections as amended must be read in the room and stead of the original sections. Sections 664 and 666 of the Code, relating to redemption and sale of lands, previously sold for delinquent taxes and purchased by the Commonwealth, as amended in February, 1898, are not in conflict with one another, and no part of one is repealed by the other.

2. CONSTITUTIONAL LAW—*Act Amending Section 666 of Code—Delinquent Taxes.*—The act approved February 11, 1898, amending and re-enacting section 666 of the Code, in relation to the sale of lands previously purchased by the Commonwealth for delinquent taxes, is not in conflict with article 10, sec. 11 of the Constitution of the State. The act does not impose, continue, or revive any appropriation of public or trust money, nor does it release, discharge, or commute any claim or demand of the State, and a recorded vote on its passage was not necessary to its validity.

Original application for a writ of mandamus to compel the clerk of the County Court of Hanover county to receive the delinqent taxes on a tract of land with interest and costs thereon, after application had been filed to purchase the same under the provisions of sec. 666 of the Code, as amended by an act of the General Assembly approved February 11, 1898. The clerk refused to accept the amount tendered, because the owner did not also tender the $5 penalty, and costs of serving notices, provided for by said act.

*Mandamus denied.*

*Cardwell & Cardwell* and *Rutherford & Page,* for the petitioner.

No counsel for the defendant.

HARRISON, J., delivered the opinion of the court.

Two grounds are alleged in support of this application for a *mandamus.* The first is that the act of February 24, 1898, repealed so much of the act of February 11, 1898, as provided for the payment of the costs of application, and the penalty of five dollars to the applicant; and the second is that the act of February 11, 1898, is unconstitutional and therefore void.

In February, 1898, the Legislature passed two acts, the first on the 11th day of that month amending and re-enacting section 666 of the Code, as amended by an act approved March 5, 1894, providing how lands purchased in the name of the auditor, and not redeemed, should be sold; and the second on the 24th of said month amending and re-enacting sec. 664 of the Code as amended by an act approved February 28, 1890, providing how and by whom real estate so purchased may be redeemed. These two acts, passed by the same Legislature, amended and re-enacted two sections of chapter twenty-eight of the Code, which contains forty-one sections, together constituting a comprehensive system of law touching " the sale of delinquent lands." The amendment and re-enactment of secs. 664 and 666 must therefore be read in their regular order, in the room and stead of the original sections, as found in the Code. When thus read, the legislative intent is clear, and there is no ground for the contention that the one repeals any part of the other, and no reason why both cannot stand together.

The second contention is that the act of February 11, 1898, was not passed in the House of Delegates by a recorded vote, and is therefore void, for the reason that article 10, sec. 11 of the State Constitution provides that " on the passage of every

act which imposes, continues, or revives any appropriation of public or trust money, or property, or releases, discharges, or commutes any claim or demand of the State, the vote shall be determined by ayes and noes, and the names of the persons voting for or against the same shall be entered on the journals of the respective houses, and a majority of all the members elected to each house shall be necessary to give it the force of law." This provision of the Constitution was not intended to apply to the passage of an act like that under consideration. The act in question imposes, continues, or revives no appropriation of public or trust money, nor does it release, discharge, or commute any claim or demand of the State. It is a general law providing for the sale of lands the State has been compelled to buy as a means of realizing her delinquent taxes, and when said taxes are realized, by the contemplated sale, they are, like all other taxes, paid into the public treasury, and the constitutional provision which has been invoked is in no way invaded or affected thereby.

For these reasons the writ prayed for must be denied.

*Mandamus denied.*