# Richmond.

## LEWIS v. COONS, CLERK.

### DECEMBER 1, 1898.

Absent, Riely and Caldwell, JJ.

1. DELINQUENT LANDS—*Offer to Purchase Land Previously Bought by Commonwealth—Form of Application—Name of Previous Owner.*—An application to purchase land which had been previously purchased by the Commonwealth for delinquent taxes, states : "I hereby make application to purchase a tract of land standing in the name of E. H. Lewis, and being town lot, etc., purchased by the Commonwealth of Virginia, or Auditor of the State of Virginia, at the sale of delinquent lands, December, 1892, for 1891 taxes, and at the date of the application standing in the name of E. H. Lewis."

   *Held:* This is a substantial compliance with the statute which declares that the application shall state in whose name the land stood at the date of the purchase by the Commonwealth, and also the person in whose name it stands when the application is filed.

2. DELINQUENT LANDS—*Offer to Purchase Lands Previously Bought by the Commonwealth—What Amount to be Offered.*—An application to purchase lands which have been purchased by the Commonwealth for delinquent taxes which offers to pay the amount paid by the Commonwealth for its purchase "and all subsequent taxes, penalties, costs, and levies," is insufficient in that it omits the *interest* provided by law. An offer to pay the amount required by law is sufficient, but if the application specifies what the applicant will pay, it must embrace everything required by law.

Original application for writ of *mandamus* to compel the clerk of the County Court of Culpeper county to receive certain delinquent taxes without the penalty required by the statute.

*Mandamus awarded.*

The form of the application was as follows:

"To the clerk of the County Court of Culpeper county, Virginia: As provided by Acts of the General Assembly of Virginia, amending sec. 666 of the Code of Virginia, 1887, I hereby make application to purchase a tract of land standing in the name of E. H. Lewis, and being town lot in Culpeper (Davis street), in West Catalpa District, Culpeper county, Va., purchased by the Commonwealth of Virginia, or the Auditor of the State of Virginia, at the sale of delinquent lands, December, 1892, for. 1891 taxes, and at the date of the application standing in the name of E. H. Lewis, and I am prepared to pay the amount so paid for its purchase, and all subsequent taxes, penalties, costs, and levies. Given under my hand this 25th day of August, 1898. Signed, Chas. Baker."

The opinion states the case.

*J. L. Jeffries*, for the applicant.

No counsel for the defendant.

HARRISON, J., delivered the opinion of the court.

Two of the grounds urged in support of this application for a *mandamus* are held to be insufficient in the case of *Christian* v. *Taylor, Clerk*, decided to-day, and therefore, need not be considered further. In this case, however, the petitioner relies upon two additional grounds which relate to the sufficiency of the application.

The first contention is that the application of Charles Baker to become the purchaser of the land in question does not state in whose name the land stood at the date of the sale to the Commonwealth. The statute requires that the application shall state in whose name the land stood at the date of the purchase by the Commonwealth, and also the person in whose name it stands when the application is filed. The language employed by the applicant is: "I hereby make application to purchase a tract of land standing in the name of E. H. Lewis, and being town lot, etc., purchased by the Commonwealth of

Virginia, or Auditor of the State of Virginia, at the sale of delinquent lands, December, 1892, for 1891 taxes, and at the date of the application standing in the name of E. H. Lewis." This is a substantial compliance with the statute. When the whole paper is read together the meaning is clear. Two statements are made. The last is plain that the land stood in the name of E. H. Lewis at the time the application was filed; and the first statement, read in connection with the last, can mean nothing else but that the land stood in the name of E. H. Lewis at the time of the purchase by the Commonwealth.

It is further contended that the application is invalid because the price offered for the land is not the amount required by the statute. The language of the act on this point is as follows: " When real estate so purchased in the name of the auditor is not redeemed by the previous owner, his heirs or assigns, or some person having the right to charge the same with a debt, within two years from the date of such purchase, any person desiring to purchase it shall file an application with the clerk of the county or corporation court wherein such real estate is situated, for the purchase of such real estate, *for the amount for which the sale to the Commonwealth was made, together with such additional sums as would have accrued from taxes and levies and interest,* if such real estate had not been so purchased by the Commonwealth, with interest on the amount for which said sale was made, at the rate of six *per centum per annum,* from the day of sale, and on the additional sums from the fifteenth day of December in the year in which the same would have accrued."

The language of the application, after describing the property proposed to be purchased, is as follows: " And I am prepared to pay *the amount so paid for its purchase, and all subsequent taxes, penalties, costs, and levies."* This is a plain declaration by the applicant that he is prepared to pay the amount the Commonwealth had paid for the land, together with all subsequent taxes, penalties, costs, and levies, and I am inclined to regard

the language used broad enough to cover all demands of the
State under and by virtue of the statute. The majority of the
court is, however, of opinion that it was only necessary for the
applicant to declare his readiness to pay the amount required
by law, and that inasmuch as he has undertaken to specify
what he will pay, and has failed to say he is prepared to pay
the interest on the State's demand, provided for by the statute,
the application is, therefore, not a substantial compliance with
the terms of the act, and the petitioner is entitled to redeem,
without paying the five-dollar penalty, and the costs incident
to filing the application.

For this reason the writ prayed for must issue.

*Mandamus awarded.*