**Richmond.**

BAKER V. BRIGGS.

MARCH 21, 1901.

1. DELINQUENT LANDS—*Application to Purchase—Code, Sec. 666, as Amended.*—The act of February 11, 1898, amending section 666 Code (Acts 1897-'8, p. 343) is constitutional. An applicant to purchase, however, under that act must substantially comply with the terms of the act by offering to pay the amount required by law. If the application attempts to specify what the applicant will pay, it must cover everything required by the statute.

2. CHANCERY PRACTICE—*Bill to Remove Cloud on Title—Title—Possession.* A bill to remove a cloud on the title to land which fails to aver that the complainant has title to the land, and is in possession of it, is bad on demurrer.

3. DELINQUENT LANDS—*Enjoining Conveyance—Parties.*—The clerk of the court of the county or corporation wherein land is situated is the representative of the State to receive the taxes due upon land sold for delinquent taxes and purchased by the State, whether from the owner or an applicant. He, and not the auditor, is the proper party to enjoin from receiving money from, and making a deed to, a proposed purchaser from the Commonwealth, and the statute conferring jurisdiction on the Circuit Court of the city of Richmond of all suits by or against the Commonwealth has no application. The clerk is not only a proper but a necessary party to such a suit.

4. INJUNCTIONS—*Parties—Venue of Injunction Bills.*—The common rule with reference to injunctions is that they will not be granted to restrain a person who is not a party to the suit; but, whether granted in a pending suit or not, the person whose action is sought to be restrained must become a party to the bill or petition upon which the application is based. The venue of a bill of injunction is fixed by section 3436 of the Code, as amended by act of March 6, 1900. Acts 1899-1900, p. 996.

5. DELINQUENT LANDS—*Insufficient Application to Purchase—Injunction— Mandamus.*—A bill in equity will lie to enjoin a clerk from receiving

the money on an insufficient application to purchase delinquent land, and from making a deed to the purchaser. In such case *mandamus* may not be an adequate remedy to compel a clerk to receive money tendered by the former owner.

6. CHANCERY PRACTICE—*Bill—Amendment.*—It is not error to allow a complainant in equity to amend his bill simply to introduce a new fact which does not render the case repugnant to the case as originally stated.

7. ATTORNEY'S FEES.—The amount of the attorney's fee to be taxed against the opposing party being regulated in certain suits in chancery by the amount in controversy, and this having been fixed by the trial court, this court will not disturb it in the absence of anything in the record to show error.

Appeal from a decree of the Circuit Court of Culpeper county, pronounced June 23, 1899, in a suit in chancery, wherein the appellee was the complainant, and the appellant and another were the defendants.

*Affirmed.*

The opinion states the case.

*R. Turnbull & Son,* for the appellant.

*Hay & Jeffries,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The appellant, Charles Baker, on August 25, 1898, filed the following application with W. E. Coons, clerk of the County Court of Culpeper county, under the provisions of the Act of Assembly of February 11, 1898, amending section 666 of the Code, to-wit:

"To the Clerk of the County Court of Culpeper County, Virginia:

As provided by acts of the General Assembly of Virginia, amending section 666 of the Code of Virginia, 1887, I hereby

make application to purchase a tract of land standing in the name of J. S. Buckner, and being one lot situated in Culpeper (east of R. R.), in W. Catalpa District, Culpeper county, Va., purchased by the Commonwealth of Virginia, or Auditor of the State of Virginia at the sale of delinquent lands December, 1895, for taxes of 1894, and at the date of this application standing in the name of J. S. Buckner, and I am prepared to pay the amount so paid for its purchase, and all subsequent taxes, penalties, costs, and levies.

Given under my hand this 25th day of August, 1898.

CHARLES BAKER."

This application was served upon Richard Briggs and Randall Briggs September 7, 1898, and at the 2nd November rules of the Circuit Court of Culpeper county, 1898, Randall Briggs filed his original bill against Baker and Coons, clerk, the object of which was to remove the said application to purchase his land as a cloud upon his title and to prevent an additional cloud thereon, by an injunction restraining Baker from proceeding under his application, and Coons, clerk, from executing to him a deed to the land. Upon the filing of the bill, the defendant, Baker, filed his demurrer and plea in abatement thereto, in which demurrer the plaintiff joined, and to the plea made general replication. At the 2nd December rules, 1898, the plaintiff filed his amended and supplemental bill under section 3253 of the Code, to which the defendants made no objection.

The original bill avers that the plaintiff is the "owner" of the parcel of land mentioned in the application to purchase filed by the defendant, Baker; that the Act of Assembly of March 11, 1898, amending section 666 of the Code, under which the application was filed, is unconstitutional and void, because it was not passed by a recorded vote, showing that a majority of the members of the General Assembly voted for its passage; that the application of the defendant, Baker, to purchase plaintiff's land

under that statute is invalid, and that the sale thereof to the Commonwealth is void, because of irregularities in the assessment of the tax thereon, and in the proceedings leading up to and in the sale of the land to the Commonwealth for taxes of 1893, which irregularities are fully set out in the bill, but need not be specially noticed here.

The amended and supplemental bill reiterates the averments of the original bill, and, in addition, avers that the plaintiff then was, and was when his original bill was filed, seized and possessed of the land in question; that he had tendered to the defendant, W. E. Coons, clerk, all unpaid taxes, levies, costs, and interest due the Commonwealth thereon, and demanded that he mark the land redeemed, and the taxes, &c., due thereon paid on the proper book of his office, but he refused to accept the taxes, &c., and that, unless he (Coons, clerk, &c.), was enjoined and restrained from so doing, would make and deliver a deed to the applicant, Baker, for the land, whereby a cloud would be created upon the title of the plaintiff to the land. The relief asked in the amended and supplemental bill is substantially the same as asked in the original bill.

The Circuit Court, upon the hearing of the cause on the original, the amended and supplemental bills, and the demurrer and plea in abatement to the original bill, overruled the plea, and sustained the demurrer, but held that the defects in the original bill had been cured by the amended and supplemental bill, which had been taken for confessed, and awarded the injunction prayed for with costs to the plaintiff, including an attorney's fee of $15.00.

The question whether or not the act of February 11, 1898, amending section 666 of the Code, is constitutional, was settled by the decision of this court in *Christian* v. *Taylor,* 96 Va. 503, and in *Lewis* v. *Coons, Clerk,* 96 Va. 506. It was held that an application, identical with the one filed in this case, was not a substantial compliance with the statute, and was invalid, because the

applicant, instead of declaring his readiness "to pay the amount required by law," had undertaken to specify what he was willing to pay, and failed to say he was prepared to pay the interest on the State's demands, provided for by the statute.

The original bill in this case was demurrable because it failed to aver that the complainant had title to the land, and was in the possession of it. It is also contended by appellant that it shows title to the land to be in the Commonwealth, and therefore the Auditor of Public Accounts was a necessary party to the bill, and the Circuit Court of the city of Richmond alone had jurisdiction to hear and decide the questions arising thereon.

The act of February 11, 1898, is but a part of a comprehensive system of law touching "the sale of delinquent lands" (*Christian* v. *Taylor, supra*), and by it the auditor is not the officer designated to receive the taxes due upon lands sold for delinquent taxes and bought by the Commonwealth, and to convey title to the applicant to purchase such lands, but the clerk of the County and Corporation Courts are made the representatives of the Commonwealth, and as such clothed with the power and authority to receive the money, whether from the owner or applicant; and it is through him, and not through the auditor, that the Commonwealth is divested of what title or ownership in the land it has.

The clerk of the County Court of Culpeper in this case was authorized by law to convey whatever title to the land was in the Commonwealth, and as he had refused to accept from appellee the taxes claimed to be due thereon, and was about to exercise the power given him by law and convey the land to appellant, there was every reason why he (the clerk) should be made a party to this suit, and no reason whatever for the auditor to be a party. We are of opinion, therefore, that the statute conferring jurisdiction upon the Circuit Court of the city of Richmond of all suits on behalf of or against the Commonwealth

has no application to a proceeding like this. *Christian* v. *Taylor*, *supra; Lewis* v. *Coons, supra.*

The next error assigned is to the ruling of the Circuit Court upon the plea in abatement filed by appellant.

The plea in abatement sets forth that appellant is not a resident of the county of Culpeper, but of Greensville county, and that W. E. Coons, clerk, was fraudulently associated with him as a defendant to this suit, for the purpose of giving to the Circuit Court of Culpeper county jurisdiction, and a pretence of right to hear and determine the premises charged in the bill, &c. As we have seen, this is a suit to remove a cloud upon the title of appellee to the land in question caused by the filing of the application of appellant to purchase it under the statute, and to prevent a further cloud upon the title by the execution and delivery of a deed by the clerk conveying the land to appellant.

What we have already said in disposing of the demurrer applies as well to the assignment of error to the action of the lower court overruling this plea. The clerk of the County Court of Culpeper was not only a proper, but a necessary, party to these proceedings. Not only is he the party whose action the court is asked to restrain, but whose action the court is asked to compel. He has been designated by the statute to receive the Commonwealth's money in such cases, either from the "owner" of the land or the applicant who is seeking to obtain a conveyance of it, and it is his act in making the deed to applicant which could divest the Commonwealth of its title or ownership in the land.

"The common rule with regard to injunctions is, that they will not be granted to restrain a person who is not a party to the suit; but whether granted in a pending suit or not, the person whose action is sought to be restrained must become a party to the bill or petition upon which the application is based." 1 Barton's Chy. Pr., 195; *Lyne* v. *Jackson*, 1 Rand. 119; *Robinson* v. *Tapscott's Adm'r*, 81 Va. 549; *Bond* v. *Pettit*, 89 Va. 474.

By statute, section 3436 of the Code (amended by act of March 6, 1900, Acts 1899-1900, p. 996), jurisdiction of this case is plainly conferred upon the Circuit Court of Culpeper county. It provides that "jurisdiction of a bill for an injunction to any judgment, act, or proceeding, shall be in the Circuit Court of the county, in which the judgment is rendered, or the act or proceeding is to be done, or is doing or apprehended."

The Circuit Court did not err in overruling appellant's plea in abatement. Nor is there any merit in appellant's contention that appellee had a complete remedy at law. The only remedy suggested is mandamus, on the ground of insufficiency of the application. This remedy might or might not have been adequate. Appellee had tendered to Coons, clerk, the taxes, &c., due on his land, which the clerk refused to accept, and upon the expiration of four months from the service of the application upon appellee, the applicant was entitled to his deed, which the clerk declared his purpose to make, and when made the writ of mandamus would have been wholly ineffectual as a remedy against the impending wrong complained of in appellee's bill. Any delay in obtaining the writ of mandamus might have enabled the applicant to obtain his deed from the clerk, before the writ was obtained, whereby his grantor would have, under the statute, been secure as to his title to the land, except as to two grounds of attack.

The original bill omitted the necessary averments of a bill to remove or to prevent a cloud upon the title to land, but the amended and supplemental bill, as we have seen, reiterates the averments of the original bill, and further avers that the plaintiff was, when his original bill was filed, and at the filing of his amended and supplemental bill, seised and possessed of the land, and the further averment that he had tendered to the defendant, W. E. Coons, clerk, the taxes, &c., due thereon, which he refused to receive. The relief asked in the amended and supplemental bill is practically the same as in the original bill. The

parties are the same, and the only new fact introduced is that appellee had tendered to Coons, clerk, the taxes, &c., and which is not repugnant to the case as originally stated.

That the court did not err in permitting the filing of the amended and supplemental bill is well established in the opinion of this court by Keith, P., in *Glenn* v. *Browne, &c., ante,* p. 322, to which we need only to refer.

Appellant complains that the court below decreed as a part of the costs he was required to pay, an attorney's fee of $15.00.

Section 3552 of the Code provides that the clerk of the court, whenever any party recovers costs, shall tax the same, and "in chancery cases other than a motion, when the matter in controversy does not exceed $100, in amount or value," the attorney's fee shall be $5.00, and when it exceeds that sum, $15.00.

The judge of the Circuit Court having fixed the attorney's fee in this case to be $15.00, and the record not showing that the matter in controversy is less than $100, in amount or value, its ruling is presumed to be right.

We are of opinion that the decree appealed from should be affirmed.

*Affirmed.*