# Wytheville.

## JOHNSON, TREASURER, v. TRUSTEES OF HAMPTON NORMAL AND AGRICULTURAL INSTITUTE.

### June 14, 1906.

1. EQUITY—*Injunction—Parties.*—Generally, an injunction will not be granted to restrain a person who is not a party to a suit, but the person whose action is sought to be restrained must become a party to the bill or petition upon which the application is based.  Nor will a court of equity make a decree, save in exceptional cases, until all those who are substantially interested are made parties to the suit.

2. TAXATION—*Erroneous Assessment—Correction—Parties.*—The State is vitally interested in any proceeding to defeat or enjoin the collection of a State tax, and should, as a rule, be made a party thereto and given an opportunity to be heard; and where it has provided a remedy for testing the validity of a tax which, in itself, is ample and complete to meet the demands of justice, that remedy should be pursued.

3. TAXATION—*Erroneous Assessment—Correction—Motion—Injunction—Courts Having Jurisdiction.*—The remedy afforded by sec. 567 of Code of Va. (1904) for the correction of an erroneous assessment of property, under a valid statute, is ample and complete to test the correctness of such assessment, as it brings both the citizen and the Commonwealth before a court duly authorized to decide the matter; and an injunction to prevent the collection of a State tax from a court other than the Circuit Court of the city of Richmond does not lie.  The validity of an assessment for State taxes may be determined either by proceeding under sec. 567 above, or by a bill filed in the Circuit Court of the city of Richmond, but not by a bill in some other court of the State.  This inhibition on other courts of the State, however, does not apply to alleged illegal taxes imposed by cities, as cities are justiciable in other courts than the Circuit Court of Richmond.

---

---

Appeal from a decree in chancery of the Circuit Court of Elizabeth City county. Decree for complainant. Defendant. appeals.

*Reversed.*

The opinion states the case.

*B. A. Lewis* and *Sidney J. Dudley,* for the appellant.

*S. Gordon Cumming* and *Jones & Woodward,* for the appellees.

KEITH, P., delivered the opinion of the court.

The Hampton Institute filed its bill in the Circuit Court of Elizabeth City county, in which it charges that it is a corporation of the State of Virginia, receiving its charter from the Circuit Court of Elizabeth City county in September, 1868; that it was organized for the instruction of youth in the various common school, academic and collegiate branches, in the best methods of teaching the same, and in the best modes of practical industry in its application to agriculture and the mechanic arts; that it has never had any capital stock, or any plan or arrangement whereby any person, natural or artificial, receives profit, but that its whole purpose has been so to educate and train the body and mind of the negro that he might thereby become self-supporting and self-reliant, rather than remain a burden upon the white race of this Commonwealth and country; that in 1878, by virtue of the aid and authority of the Federal Government, the scope of its work was broadened, so as to receive as students from the various Federal reservations Indian boys and girls, training and teaching them intellectually and industrially in mechanics, in agriculture and in domestic

life; that it has developed from its small beginning to its present proportions, having under its care 413 young negro men, 295 young negro women, 42 young Indian men, and 48 young Indian women, exclusive of the pupils attending the Whittier School, besides 105 officers, teachers and instructors, and 135 general employees, including clerks, watchmen and laborers; that in accordance with its charter, and in order to promote the objects of its organization, it has acquired a large amount of real and personal property, which is held, used and occupied solely and exclusively for educational purposes; that all of the lands owned by the Hampton Institute are used directly for educational purposes, except certain small parcels, which are rented out under circumstances which it is not necessary to mention in the view that we have taken of this case.

It appears that until 1904 no effort was made to tax any of the property of the Hampton Institute, with the exception of four lots referred to in the bill; and the claim of the plaintiff is, that it holds its property exempt from taxation, first, under its charter by virtue of section 10 of an act of the Legislature, approved June 4, 1870, amending and ratifying the charter of the Hampton Institute, theretofore granted by the Circuit Court of Elizabeth City county, by which it was provided "that any property held by the Hampton Normal and Agricultural Institute, for its legitimate purposes, shall be exempt from public taxes so long as any property held by other institutions of learning in Virginia, for their legitimate purpose is exempt, and whenever a tax shall be laid upon the same, if laid at all, the tax shall not be higher on said institution, in proportion to the value of its property, than on other institutions of learning in this State"; and, second, because the property of complainant is exempt from taxation under the Constitution and laws of the Commonwealth.

In 1904, however, all of its property was assessed for taxation, and thereupon it filed its bill making the Commissioner of the Revenue and the Treasurer of the county of Elizabeth City defendants, and praying that they be enjoined and restrained from collecting or attempting to collect any taxes; that the Commissioner of the Revenue be required to strike from the tax books the real and personal property now assessed and extended; and that he be enjoined and restrained from again entering and extending said property upon the tax books of said county.

Upon the issues made by defendants' answer evidence was taken and a decree entered in accordance with the prayer of the bill, to which an appeal was allowed by this court.

The first error assigned is to the overruling of the demurrer of the defendants to the bill. Numerous grounds of demurrer are stated, but we shall only consider the following propositions: That as the intervention of a court of equity is sought to restrain the collection of State as well as county revenues, the Commonwealth of Virginia is not only a proper but a necessary party to these proceedings, and the Circuit Court of the city of Richmond has exclusive jurisdiction; that in order to secure the aid of a court of equity in this case it was incumbent upon the plaintiff to bring itself within some of the recognized heads of equitable jurisdiction, the allegation of the illegality of the tax alone being insufficient to give to a court of equity jurisdiction in this class of cases; and that the statutes for the correction of erroneous assessments provide an easy, adequate and complete remedy for the wrongs presented in the bill. If these propositions can be established, it follows that the demurrer should have been sustained and the bill dismissed.

It may be observed *in limine* that the law under which the assessments were made and the tax levied in this case is a valid exercise of legislative power. It is not contended that the law

itself is unconstitutional and void, but that upon a correct interpretation of that law the property of the Hampton Institute ought not to have been assessed and taxed.

There can be no doubt, we think, that the State is vitally interested in this question. It affects directly her treasury, and the Commonwealth, therefore, ought to have an opportunity to be heard.

"The common rule with regard to injunctions is, that they will not be granted to restrain a person who is not a party to the suit; but whether granted in a pending suit or not, the person whose action is sought to be restrained must become a party to the bill or petition upon which the application is based." See *Baker* v. *Briggs,* 99 Va. 365, 38 S. E. 277, and authorities there cited.

It is a recognized principle of equity jurisprudence that it will not make a decree until all those who are substantially interested be made parties to the suit. This principle was acknowledged in all its force in *Osborne* v. *Bank of United States,* 9 Wheat. (U. S.) 738, 6 L. Ed. 204. In that case, not dissimilar in its facts to the one under consideration, a bill was filed in which the Auditor of the State of Ohio was made a party defendant at the suit of the Bank of the United States, and restrained from levying upon the property of the bank to enforce the collection of a tax levied under the authority of the State of Ohio, which tax was claimed to be unconstitutional. It was urged that the face of the record showed that Osborne, the auditor, was the agent of the State of Ohio, and that the State was, therefore, a necessary and proper party. The Supreme Court of the United States, however, held that while it was true as a general proposition that a decree will not be rendered against an agent where the principal is not made a party to the suit, yet that rule might be dispensed with in cases where the principal was not subject to the jurisdiction of the court, as in

the case of a sovereign State. In other words, that while it appeared upon the face of the record that Osborne was a mere agent of the State, and that as a general principle of equity jurisprudence a decree could not be made against him as agent unless his principal, the State of Ohio, were brought before the court, this rule could be dispensed with, because to bring the State of Ohio before the court would be to defeat its jurisdiction, a State not being justiciable against its will by virtue of the Eleventh Amendment to the Constitution of the United States.

That case is ample authority for the one before us, for the rule and not the exception applies; provided always, that the State had given a remedy which in itself is ample and complete to satisfy the demand of justice upon the facts stated in the bill of complaint.

In *Eyre* v. *Jacob,* 14 Gratt. 422, 73 Am. Dec. 367, a bill was filed in Northampton county to restrain the sheriff from selling the property of Eyre to satisfy a tax, upon the ground that the act under which the tax was levied was unconstitutional. The sheriff, Jacob, was the only party to this bill as originally drawn, but it was afterwards amended and the Auditor of Public Accounts made a party, and the cause transferred to the Circuit Court of the city of Richmond. Judge Lee, delivering the opinion of the court, said: "The regularity of the proceeding by injunction in this case, although discussed by the counsel for the appellant in his opening argument, was not controverted by the Attorney-General. He was understood to concede that it is a proper mode by which to test the legality of a levy made by an officer under the supposed authority of a law the constitutionality of which is denied. . . . It might perhaps admit of more question whether a court of equity would as a matter of course in such a case as this interfere by way of injunction to restrain the act of an officer, not because the con-

stitutionality of the law under which he is proceeding is called in question, but because the existence of any such law is absolutely denied.    Upon this question, however, I think it may be unnecessary to express any opinion.

"The Commonwealth being the party substantially interested in the subject matter of controversy, it might have been more regular under the provisions of the act entitled an act regulating the jurisdiction of the circuit courts, passed May 22, 1852, that this suit should have been originally instituted in the Circuit Court of the city of Richmond, in order that the Commonwealth might be duly represented by the proper officer, and such officer should, of course, have been made a party defendant.    As, however, the suit was subsequently removed to that court in conformity to the provisions of section 8 of chapter 46 of the Code, and the Auditor of Public Accounts, who had been made a party by an amended bill, duly appeared and filed an answer, all difficulties as to parties and the regularity of the hearing before the Circuit Court of Richmond city may be considered as overcome, and we may proceed to consider the case upon its merits."

While the quotation we have given is a strong intimation from the court that the proper method of procedure is to file a bill in the Circuit Court of the city of Richmond, making the Auditor of Public Accounts a party, thereby giving to the Commonwealth, the real party in interest, an opportunity to be heard, and satisfying the principle of equity jurisprudence to which we have adverted, we are indisposed to hold that the remedy of a citizen against the levy of a tax which is claimed to have been, for any cause, improperly assessed and levied, is to be asserted only in the Circuit Court of the city of Richmond, as that would impose a serious inconvenience and burden upon a person deeming himself aggrieved.

The State has, however, given a remedy which seems to be

plain and complete. By section 567, Va. Code, 1904, it is provided that "any person assessed with taxes on lands or other property, aggrieved by any such assessment, may, unless otherwise specifically provided by law, within two years from the first day of September of the year in which the assessment is made, and any person assessed with a license tax, aggrieved thereby, may, within one year after such assessment, apply for relief to the court in which the commissioner gave bond and qualified, or to which or to whose clerk such bond and the certificate of his qualification were returned. The attorney for the Commonwealth shall defend the application; and no order made in favor of the applicant shall have any validity unless it is stated therein that such attorney did so defend; that the commissioner making the assessment, or his successor, was examined as a witness touching the application, and the facts proved to be certified."

We think the remedy afforded by this statute, which provides for bringing both the citizen and the Commonwealth before the court, is ample and complete to meet all the exigencies of the case presented in the pleadings.

There is nothing in the *City of Petersburg* v. *Petersburg Beneficial Asso.,* 78 Va. 431, nor in *City of Staunton* v. *Mary Baldwin Seminary,* 99 Va. 653, 39 S. E. 596, in opposition to the views here presented. In those cases the respective cities were enjoined from collecting taxes upon property exempt from taxation by law; all the parties in interest were fully justiciable, and were before the proper court.

For these reasons we are of opinion that the decree of the circuit court should be reversed, and the bill of complaint be dismissed.

*Reversed.*