# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COMMONWEALTH OF VIRGINIA, ET AL., v. WILSON AND OTHERS.

### January 15, 1925.

1. TAXATION—*Remainders—Estate of Remainderman not Liable.*—Taxes and levies which accrue during the estate of a tenant for life are liens on the estate of the life tenant only, and not on the estate of the remainderman, and cannot be enforced against the latter.

2. TAXATION—*Remainders—Taxes as Between Life Tenant and Remainderman.*—It is a well settled rule of law that the burden of paying taxes is upon the life tenant rather than the remainderman.

3. TAXATION—*Remainders—Estate of Remainderman not Liable—Case at Bar.*—In the instant case, a suit by a remainderman to enjoin the sale of land for taxes, it appeared that the taxes could have been made out of other property of the life tenant, or by selling or leasing her life estate in the land.

   *Held:* That the trial court did not err in overruling a demurrer to the bill and perpetuating the injunction.

4. TAXATION—*Remainders—Timber Lands—Case at Bar.*—In the instant case, a suit by a remainderman to enjoin the sale of land for taxes, it was insisted for the Commonwealth that the treasurer had the right to resort to timber standing on the land under section 2439 of the Code of 1919, providing that any timber on "land belonging to the person or estate assessed with taxes or levies may be distrained and sold," etc. It is plain from reading the section that the words "belonging to" mean "owned by" the person assessed with the taxes, and that it was not intended to subject the estate of a remainderman to the payment of taxes assessed against a life tenant. The life tenant owned only an estate for her life in the land of which the standing timber was a constituent part. This life estate could have been sold or rented, but neither the purchaser nor the tenant could make any greater use of the land than the former owner whose life estate therein was sold or rented, and it appears from the record that to cut and remove the timber would have constituted waste by the life tenant.

5. TAXATION—*Apportionment—Remainderman and Life Tenant—Constitutional Law.*—It might be fair and right for the taxes to be apportioned

between the life tenant and the remainderman, but the legislature has not so declared, nor provided any machinery for such apportionment, and hence no such apportionment can be made either by the administrative officers or the courts. It is a purely legislative question, and, until the legislature exerts its power, there can be no apportionment.

6. TAXATION—*Suit to Enjoin Taxes—Suit Against the State—Auditor as Party—Jurisdiction in Circuit Court of the City of Richmond—Case at Bar.*—In the instant case, a suit by a remainderman to enjoin the sale of land for taxes, if the Auditor of Public Accounts was a necessary party, the suit could only be brought in the Circuit Court of the city of Richmond under section 6049 of the Code of 1919. The validity of the assessment was not called in question, the constitutionality of the law under which it was made was not assailed, the correctness of the tax ticket and the right to sell under it any property of the life tenant liable therefor was not even intimated, and in view of the holding of the court that the remainderman was not liable for the taxes assessed against the life tenant, it is probably sufficient to say that the Auditor of Public Accounts was not a necessary party to the litigation and, therefore, the circuit court of the county had jurisdiction.

7. TAXATION—*Suit to Enjoin Taxes—Suit Against the State—Jurisdiction in Circuit Court of the City of Richmond—Case at Bar.*—The instant case, a suit by a remainderman to enjoin the sale of land for taxes, was in no sense a suit against the State or the Auditor, nor was the latter a necessary or proper party thereto. It was a suit in equity, not to enjoin the enforcement of a valid tax ticket against the property of the party liable for the tax, but to injoin the treasurer of Henry county from doing an illegal act, to-wit, from endeavoring to enforce the collection of the tax ticket against property not liable therefor. Such a suit is not a suit against the State.

Appeal from a decree of the Circuit Court of Henry county. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*E. Warren Wall*, for the Commonwealth.

*Harris & Harvey*, for the appellees.

BURKS, J., delivered the opinion of the court.

Ruth H. Wilson owned an estate for her life in two tracts of land in Henry county, containing in the aggregate about 1,800 acres, in which the ultimate remainder in fee was in her nieces and nephews who are among the appellees in this case. Of this land, about 550 acres was in timber of original growth. The life tenant had been in possession of this land for upwards of twenty-five years, had received the rents and profits thereof, and paid the taxes and levies thereon until 1922, when she made default. She had ample property out of which the taxes and levies could have been made. In May, 1923, D. S. Davis, treasurer of Henry county, advertised for sale the standing timber on thirty-five acres of the land to satisfy tax tickets in his hands against Ruth H. Wilson. In June, 1923, the ultimate remaindermen aforesaid filed their bill in the Circuit Court of Henry county against D. S. Davis, treasurer, to enjoin the sale on the ground that the timber constituted a part of the freehold in the land to which they were entitled, and that "the same is not liable for taxes and levies assessed against Ruth H. Wilson, a life tenant, and a sale and removal of said timber from the land will result in great and irreparable injury and damage" to them.

A temporary injunction was granted. Davis, treasurer, demurred to the bill. C. Lee Moore, Auditor of Public Accounts, appeared specially and filed a petition in which he objected to the jurisdiction of the court on the ground that the suit was "in effect a suit against the Commonwealth of Virginia; that petitioner as Auditor of Public Accounts is a proper party to this suit; and that by the statutes, for such cases made and provided, jurisdiction to hear such cases is conferred only upon the Circuit Court of the city of Richmond," and prayed that the case might be dismissed.

The trial court denied the prayer of the petition, over-ruled the demurrer, perpetuated the injunction, and gave a decree for costs against Davis. From that de-cree this appeal was taken.

[1-3] Two questions are presented for our considera-tion. Was the estate of the remaindermen liable for the taxes and levies assessed against the land; and was the Auditor of Public Accounts a necessary or proper party to the suit? Both must be answered in the negative.

In *Tabb* v. *Commonwealth*, 98 Va. 47, 34 S. E. 946, 51 L. R. A. 283, all of the statutes relating to the assess-ment and collection of taxes were reviewed and the conclusion reached that "taxes and levies   *   *   which accrue during the estate of a tenant for life, are liens on the estate of the life tenant only, and not on the estate of the remaindermen, and cannot be enforced against the latter."

In *Glenn* v. *West*, 106 Va. 356, 56 S. E. 143, it is said: "It is a well settled rule of law that the burden of pay-ing taxes is upon the life tenant rather than upon the remaindermen."

The taxes could have been made out of other property of the life tenant, or by selling or leasing her life estate in the land.

[4] It is insisted, however, for the Commonwealth that the treasurer also had the right to resort to the timber standing on the land for the collection of the taxes, and reliance is placed upon section 2439 of the Code, copied in the margin.*

*Code, section 2439.*—"Any timber or wood growing on the land belonging to the person or estate assessed with taxes or levies may be distrained and sold, so far as necessary, to pay the amount of such taxes and levies and ex-pense of sale, and shall be sold standing in the manner prescribed for the sale of goods and chattels, other than horses, mules, and oxen, under distress or levy for taxes; and the purchaser shall have the right to cut and carry away such wood or timber within twelve months after the purchase of the same, with the right of ingress and egress for this purpose, but shall not haul

It is fairly plain from reading the section that the words "belonging to" mean "owned by" the person assessed with the taxes, and that it was not intended to subject the estate of a remainderman to the payment of taxes assessed against a life tenant. The life tenant owned only an estate for her life in the land of which the standing timber was a constituent part. This life estate could have been sold or rented, but neither the purchaser nor the tenant could make any greater use of the land than the former owner whose life estate therein was sold or rented, and it appears from the record that to cut and remove the timber would have constituted waste by the life tenant.

The legislative intent to protect the estate of the remainderman from taxes assessed on real estate in the possession of a life tenant, is plainly indicated by the statutes for the assessment and collection of taxes so fully discussed by Judge Riely in *Tabb* v. *Commonwealth, supra,* and which remain substantially unchanged. Among these statutes is section 2488 of the Code (section 661, Code 1187), providing that, upon the sale of real estate for taxes assessed thereon, "the right or title to such estate shall stand vested in the grantee in such deed as it was vested in the party assessed with the taxes or levies on account whereof the sale was made, at the commencement of the year for which said taxes or levies were assessed, or any person claiming under such party," and that "nothing in this section shall be so construed as to affect or divest

---

the same over any lands occupied at the time by growing crops. Any real estate in the county or corporation belonging to the person or estate assessed with taxes or levies, due on such real estate, may be rented or leased by the treasurer, sergeant, or collector, at public outcry, in the discretion of such treasurer, sergeant, or collector, either at the front door of the courthouse or on the premises, or at some public place in the community where the premises are situated, after giving not less than fifteen days' notice by printed or written notices posted at the front door of the courthouse, and at three or more places in the neighborhood of the real estate to be leased."

the title of a reversioner or remainderman to any real estate which has been returned delinquent and sold on account of the default of the tenant for life in paying the taxes or levies assessed thereon.''

The timber on the land had never been separately assessed and constituted a part of the land itself, and, in view of our decision, where there has been a severance in the title to the land into a life estate and a remainder thereafter, we cannot concur in the argument for the Commonwealth that the taxes imposed by the State are imposed upon the whole estate in the land and that the whole can be subjected to their payment.

No doubt it was and is entirely competent for the legislature to make the whole estate in the land liable for the taxes and levies thereon, but it has not done so. As the life tenant gets the whole of the income from the land, it is ordinarily only fair that he should pay the taxes thereon, but if it is unproductive he can surrender his estate therein and thereby relieve himself of the burden.

[5] So, also, it might be fair and right for the taxes to be apportioned between the life tenant and the remainderman, but the legislature has not so declared, nor provided any machinery for such apportionment, and hence no such apportionment can be made either by the administrative officers or the courts. It is a purely legislative question, and until the legislature exerts its power there can be no apportionment. *Commonwealth* v. *P. Lorillard Co.*, 129 Va. 74, 105 S. E. 683; *County of Sussex* v. *Jarratt*, 129 Va. 672, 106 S. E. 384, 627.

[6] Was the Auditor of Public Accounts a necessary or proper party to this litigation? If he was, it is conceded that the suit could be brought only in the Cir-

cuit Court of the city of Richmond under the provisions of section 6049 of the Code.

In view of the holding that the remainder is not liable for the taxes assessed against the life tenant, it would probably be sufficient to answer the question in the negative, as no right of the State was involved and no relief against it was sought. The validity of the assessment was not called in question, the constitutionality of the law under which it was made was not assailed, the correctness of the tax ticket and the right to sell under it any property of the life tenant liable therefor was not even intimated. All of the cases cited for the Commonwealth involved one or the other of these questions. *Johnson* v. *Hampton Institute*, 105 Va. 319, 54 S. E. 31; *Baker* v. *Briggs*, 99 Va. 360, 38 S. E. 277; *Eyre* v. *Jacobs*, 14 Gratt. (55 Va.) 422, 73 Am. Dec. 367; *Commonwealth* v. *Carter*, 126 Va. 469, 102 S. E. 58.

[7] But the suit was in no sense a suit against the State or the Auditor, nor was the latter a necessary or proper party thereto. It was a suit in equity, not to injoin the enforcement of a valid tax ticket against the property of the party liable for the tax, but to enjoin the treasurer of Henry county from doing an illegal act, to-wit, from endeavoring to enforce the collection of the tax ticket against property not liable therefor. Such a suit is not a suit against the State. *Blanton* v. *Southern Fertilizing Co.*, 77 Va. 335; *Tiller* v. *Excelsior Coal Co.*, 110 Va. 151, 65 S. E. 507; *Poindexter* v. *Greenhow*, 114 U. S. 270, 5 S. Ct. 903, 962, 29 L. Ed. 185; *Ex parte Young*, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, and cases cited.

We find no error in the decree of the Circuit Court of Henry county, and it is accordingly affirmed.

*Affirmed.*