CLEMENTS, J., concurring, in part, and dissenting, in part.
I concur with sections 11(B), 11(C), and III of the majority opinion. I disagree, however, with the majority’s conclusion in section 11(A) that “our decision in Schwartz [v. Schwartz, 46 Va.App. 145, 616 S.E.2d 59 (2005),] and the plain meaning of Code § 20-124.3:1 compel” us to affirm the trial court’s decision not to permit the paternal grandparents and the guardian ad litem for the child to elicit testimony from Wendy Hall, the child’s former therapist, regarding her observations and impressions of the child during therapy. Indeed, for the reasons that follow, I would hold that the trial court misconstrued Code § 20-124.3:1 and Schwartz and improperly limited Hall’s testimony as a result. Accordingly, I respectfully dissent from section 11(A) of the majority’s opinion.
Code § 20-124.3:1 provides as follows:
A. Notwithstanding any other provision of law, in any case in which custody or visitation of a minor child is at issue pursuant to § 20-124.2, whether in a circuit or district *205 court, the records concerning a parent, kept by any licensed mental health care provider and any information obtained during or from therapy shall be privileged and confidential.
B. In any case in which custody or visitation of a minor child is at issue pursuant to § 20-124.2, whether in a circuit or district court, a mental health care provider licensed in the Commonwealth may not be required to testify on behalf of or against a parent or any of the parent’s adult relatives, and may do so only with the advance written consent of the parent. If the mental health care provider testifies, such testimony shall be limited to the custody or visitation case in question, and the provider’s records and notes regarding that parent shall be admissible in the court proceeding. However, the court may order a licensed mental health care provider to testify on matters specifically related and limited to suspicion of an abused or neglected child as defined in § 63.2-100 of the Code of Virginia.
C. Nothing in this section shall supercede the provisions of § 63.2-1509 of the Code of Virginia related to the required reporting of suspicion of an abused or neglected child.
D. This section shall not apply to mental health care providers who have conducted or are conducting an independent mental health evaluation pursuant to a court order.
The parties agree that, because neither parent consented to Hall’s testimony, Code § 20-124.3:l(B) applies to limit the admission of Hall’s testimony in this case. They disagree, however, as to the extent of that limitation.
Mother contends Code § 20-124.3:l(B) precludes the admission of all of Hall’s testimony. Hall’s testimony, mother asserts, was offered by the grandparents and was thus “intended to be favorable to [their] position.” As such, mother argues, it was necessarily “in derogation or against” her “and her opposition to grandparent visitation.” Mother concludes that, because the entirety of the testimony was “against” her, the statute completely bars its admission. This interpretation, *206 mother asserts, is required by this Court’s decision in Schwartz.
Joined by the child’s guardian ad litem, the grandparents contend Code § 20-124.3:l(B) was not intended to completely prohibit all of Hall’s testimony, but only that testimony that was specifically about mother or father or their adult relatives. They argue that “nothing in the language of ... Code § 20-124.3:1 or this Court’s holding in Schwartz bars” Hall’s testimony about the child herself. Thus, they conclude, “the trial court should have heard ... Hall’s testimony regarding her impressions and observations of [the child].”
“The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.” James v. Commonwealth, 18 Va.App. 746, 753, 446 S.E.2d 900, 904 (1994). “By definition, when the trial court makes an error of law, an abuse of discretion occurs.” Bass v. Commonwealth, 31 Va.App. 373, 382, 523 S.E.2d 534, 539 (2000). The issue as to what extent Code § 20-124.3:l(B) precludes the admission of Hall’s testimony in this case presents a question of law, which is to be reviewed de novo. See Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006) (holding that, “[b]ecause statutory interpretation presents a pure question of law, it is subject to de novo review” on appeal).
In interpreting a statute, we endeavor “ ‘to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.’ ” Colbert v. Commonwealth, 47 Va.App. 390, 394, 624 S.E.2d 108, 110 (2006) (quoting Jones v. Rhea, 130 Va. 345, 372, 107 S.E. 814, 823 (1921)). Additionally, “we have a duty, whenever possible, ‘to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.’ ” Oraee v. Breeding, 270 Va. 488, 498, 621 S.E.2d 48, 52 (2005) (quoting Virginia Elec. & Power Co. v. Bd. of County Supervisors, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983)). In doing so, we *207 “ ‘look to the whole body of [a statute] to determine the true intention of each part.’ ” Id. (alteration in original) (quoting McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957)).
Moreover, “while legislative intent ‘must be gathered from the words used, ... unreasonable or absurd results must not be reached by too strict adherence to literal interpretation.’ ” Colbert, 47 Va.App. at 395, 624 S.E.2d at 110 (quoting Buzzard v. Commonwealth, 134 Va. 641, 653, 114 S.E. 664, 667 (1922)). Thus, “[a] provision of a section of a statute ought not to receive a mere literal interpretation, when it would contravene the intention of the [legislature apparent from the other sections and provisions thereof, but the words are to be expanded or qualified to effectuate the intention.” Tabb v. Commonwealth, 98 Va. 47, 56, 34 S.E. 946, 949 (1900), cited with approval in Pound v. Dep’t of Game and Inland Fisheries, 40 Va.App. 59, 68, 577 S.E.2d 533, 537 (2003).
Here, mother essentially asks this Court to assign a literal interpretation to the term “on behalf of or against” in Code § 20-124.3:l(B) and, in so doing, set out a per se rule prohibiting the admission in a custody or visitation proceeding of all testimony by a mental health care provider engaged to counsel a child, unless the child’s parents give their advance written consent to such testimony. She argues that such testimony, by virtue of the fact that it is being offered at such a proceeding, necessarily has to be either “on behalf of or against a parent or any of the parent’s adult relatives” and is thus specifically prohibited under Code § 20-124.3:l(B). I am of the opinion that, when the statute’s subsections and provisions are read together, Code § 20-124.3:l(B) prohibits a mental health care provider who has been engaged to counsel a child from testifying about the child’s parents and their adult relatives, but not from testifying about the child him-or herself.
Although not a model of legislative clarity, Code § 20-124.3:1 was clearly intended, in the context of cases like this, to protect and promote the rights and interests of Virginia’s *208 children by making sure those children who need mental health therapy are not deprived by their parents of the benefits of such therapy out of fear that information about the parents revealed during therapy could be used against them in a custody or visitation proceeding.[4] To that end, Code § 20-124.3:1(A) provides that the therapist’s “records concerning a parent” are “privileged and confidential.” Code § 20-124.3:1(B) provides that, if the therapist is allowed to testify, his or her “records and notes regarding that parent” may be admitted into evidence. Neither section of the statute makes any reference to the therapist’s notes, records, or information regarding the child. Moreover, Code § 20-124.3:l(B) creates a specific exception to the statute’s prohibition against evidence from the mental health therapist regarding the parents when that evidence is “related ... to suspicion of an abused or neglected child.” This statutory language illustrates the legislature’s intent that the statute apply to bar testimony by the child’s therapist about the child’s parents and the parents’ adult relatives, but not about the child. Clearly, testimony by the child’s therapist about the child would not have the same potential chilling effect on the parents’ willingness to obtain and participate in therapy for the child as such testimony about the parents would.
Here, the child’s guardian ad litem proffered the testimony that he and the grandparents would have elicited from Hall, the child’s former therapist, had she been permitted to testify. In relevant part, Hall would have testified regarding her observation of the child’s behavioral problem and the therapeutic process employed to treat that problem. Hall would have further testified that, “over the term of therapy[, the child] had stabilized quite a bit,” having achieved “75% prog *209 ress on all [therapeutic] goals.” In addition, Hall would have testified that, “at the time of the last [session,] no clinical criteria evidenced any severe difficulty” and that “progress was made” on the child’s ability to identify and express her feelings regarding the past abuse she had suffered and its effect on her life. This testimony relating to the child’s diagnosis and treatment and the therapist’s impressions and observations of the child’s therapy was strictly about the child and would not have included statements about the parents or their adult relatives.[5]
Conversely, the testimony at issue in Schwartz was strictly about a parent. In that case, the children’s court-appointed mental health therapist testified at the contempt proceeding that the children reported in their sessions that the children’s mother denigrated the children’s father in their presence at home. Schwartz, 46 Va.App. at 149-50, 616 S.E.2d at 62. The therapist further testified that the mother denigrated the father in the presence of the children during joint therapy sessions with the children and the mother. Id. at 150, 616 S.E.2d at 62. Relying on that testimony, the trial court found the mother had violated the parties’ consent order prohibiting such behavior. Id. at 150-51, 616 S.E.2d at 62.
On appeal in Schwartz, the mother claimed the trial court erred under Code § 20-124.3:l(B) by permitting the father to offer the therapist’s “testimony about her.” Id. at 155, 616 S.E.2d at 64 (emphasis added). The father contended the statute applied “only when the parent is the patient.” Id. Rejecting the father’s claim that “the parent must have been a patient in order to invoke the privilege,” we held that the contempt proceeding was part of a “larger suit ... [that] included custody and visitation” and that “the trial court’s admission of [the therapist’s] testimony about mother, given without her written consent and over her express objection, *210 was error.” Id. at 155 n. 3, 158, 616 S.E.2d at 64 n. 3, 66 (emphasis added).
It is clear, therefore, notwithstanding mother’s assertion to the contrary, that our decision in Schwartz is not inconsistent with the conclusion that Code § 20-124.3:l(B) prohibits the admission of testimony by a mental health therapist that is specifically about the parents or their adult relatives, but not testimony that is about the child. Accordingly, because the testimony at issue in this case, unlike in Schwartz, is about the child, and not the child’s parents or their adult relatives, I would hold that its admission was not prohibited by Code § 20-124.3:l(B).
To hold otherwise would result in the unreasonable and absurd situation that occurred in this case. As noted by the majority, the grandparents and the child’s guardian ad litem, called as witnesses at the visitation proceeding on October 25, 2005, two mental health care providers who had evaluated the child. One was Hall, the child’s former therapist who counseled the child from December 2003 until July 2005. All but a small portion of her testimony was excluded under Code § 20-124.3:1.[6] The other mental health care provider was Don Wilhelm, a licensed clinical social worker who performed a one-time assessment of the child pursuant to a court order in September 2004. As mother points out in her brief, that assessment consisted of Wilhelm observing the child with the grandparents for approximately twenty minutes. Wilhelm testified that the child did not exhibit “excessive anxiety” or “attempt[ ] to present a false sense of self’ during that period of observation. In denying the grandparents’ petition for visitation with the child, the trial judge commented that he “was not impressed with Mr. Wilhelm.” Such a situation— where the court-appointed evaluator was permitted to testify about the child under Code § 20-124.3:1 but the child’s longtime therapist was not—reflects an interpretation of the stat *211 ute that, in my view, does not comport with the statute’s overall remedial objective of protecting and promoting the rights and interests of children. Likewise it has the undesirable effect of hampering the court’s ability, in matters of child custody and visitation, to determine and further the child’s best interests. See generally Kogon v. Ulerick, 12 Va.App. 595, 596, 405 S.E.2d 441, 442 (1991) (“In matters concerning custody and visitation, the welfare and best interests of the child are the ‘primary, paramount, and controlling consideration[s].’ ” (quoting Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948))); Commonwealth ex rel. Gray v. Johnson, 7 Va.App. 614, 617-18, 376 S.E.2d 787, 788 (1989) (“The strong public policy of this Commonwealth posits that the paramount concern where children are concerned are their best interests.”).
For these reasons, I would reverse the trial court’s decision excluding Hall’s testimony about the child and remand for reconsideration.

. Plainly, the statute was also enacted to allow parents with mental health concerns to obtain therapy from a mental health care provider without fear that the information learned about them during therapy would be used against them in a custody or visitation proceeding. The statute also protects parents in visitation or custody proceedings from having to defend themselves against claims made about them during therapy by their children.

. Mother concedes in her brief that "the intended proffered evidence related to the core issue of visitation and the child’s current mental health status.”

. Hall was permitted to testify that she was engaged by mother to counsel the child and that she served as the child’s therapist from December 2003 until July 2005.